

# NUMBER 13-18-00321-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ORLANDO CAMPOS,                                           **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

## On appeal from the 156th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

By one issue, appellant Orlando Campos appeals the denial of his request for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. ch. 64. We affirm.

## I. BACKGROUND

A Beeville County grand jury indicted Campos on one count of possession of a

controlled substance with intent to deliver, a first-degree felony, two counts of tampering with physical evidence, both third-degree felonies, and one count of possession of a firearm by a felon, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d); TEX. PENAL CODE ANN. §§ 37.09(d), 46.04(a).

Beeville Police Officer John Berry testified during the trial for these offenses.[1] *See Campos v. State*, No. 13-16-00569-CR, 2018 WL 2148755, at *1 (Tex. App.—Corpus Christi–Edinburg May 10, 2018, pet. ref'd) (mem. op., not designated for publication). Officer Berry testified that a vehicle failed to yield the right-of-way to his patrol car while he was on duty, causing him to hit his brakes to avoid a collision. *See id*. Officer Berry activated his emergency lights to initiate a traffic stop and began to follow the vehicle. *See id*. He then witnessed it run a stop sign. *See id*.

At this point, Officer Berry testified that he requested back-up assistance as he realized the vehicle was not going to pull over voluntarily. *See id*. The vehicle, however, eventually came to a stop. *See id*. Officer Berry recalled that he exited his patrol car and yelled at the two occupants—later identified as Campos, the passenger, and Campos's brother Abraham, the driver—to turn off their vehicle. *See id*. Officer Berry testified that he then saw "a lot of movement" between Abraham and Campos when the vehicle suddenly sped away again. *See id*. Officer Berry, along with additional police officers, gave chase. *See id*. During the vehicle chase, Officer Berry witnessed

---

[1] Campos previously appealed these convictions in *Campos v. State*, No. 13-16-00569-CR, 2018 WL 2148755, at *1 (Tex. App.—Corpus Christi–Edinburg May 10, 2018, pet. ref'd) (mem. op., not designated for publication). His appeal argued that the trial court erred when it denied his motion to suppress. *See id*. We affirmed the convictions. *See id*.

2

Campos throw items out of the passenger-side window two times. *See id*. The vehicle ran another red light and drove into an open field where it eventually stopped. *See id*. Both occupants leapt out of the vehicle, and Officer Berry chased Campos on foot. *Id*. Campos and his brother were both eventually apprehended. *See id*.

When law enforcement returned to the area where Officer Berry witnessed Campos throw items out of the window, they recovered "four baggies containing methamphetamine, a .40 caliber pistol and a similarly sized magazine and bullets, and a .45 caliber pistol and similarly sized bullets." *See id*. at *3. They photographed both pistols laying in the field near where the vehicle stopped. *See id*.

The jury convicted Campos on all four counts and sentenced him to concurrent terms of confinement of fifty years for the possession charge, forty years for each of the tampering with physical evidence charges, and sixty years for the possession of a firearm by a felon charge. *See id*. at *1.

Campos, now an inmate at the Texas Department of Criminal Justice—Connally Unit in Kenedy, Texas, filed a post-conviction request for DNA testing. *See* TEX. CODE CRIM. PROC. ANN. ch. 64. In his motion, Campos claimed that the State should test the pistols they recovered for his "DNA fingerprints." He alleged that this testing would result in "exculpatory results" that would have precluded his convictions.[2] The trial court denied his request, as well as his request for court-appointed counsel to represent him in this

---

[2] We presume that Campos does not appeal his conviction for possession of a controlled substance with intent to deliver, as he did not request the State to test the recovered baggies of methamphetamines for fingerprints. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d).

matter.[3]    He now appeals.

## II.  APPLICABLE LAW AND STANDARD OF REVIEW

Texas Code of Criminal Procedure chapter 64 establishes the procedures for a convicted person to obtain post-conviction DNA testing.  *See id*.  The statute provides that a convicting court may order forensic DNA testing under this chapter only if the court finds that:

> (A)  the evidence:
>
> > (i)    still exists and is in a condition making DNA testing possible; and
> >
> > (ii)   has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;
>
> (B)   there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and
>
> (C)   identity was or is an issue in the case.

*Id*. § 64.03(a)(1).   The convicted person must also establish by a preponderance of the evidence that he or she would not have been convicted if exculpatory results had been obtained through DNA testing, and that the request for DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.   *Id*.

The Texas Court of Criminal Appeals has held that the "ultimate question of whether a reasonable probability exists that exculpatory DNA tests would prove innocence is an application-of-law-to-fact question that does not turn on credibility and demeanor and is therefore reviewed *de novo*."  *Skinner v. State*, 122 S.W.3d 808, 813

---

[3] Campos does not appeal the denial of his request for a court-appointed attorney.

4

(Tex. Crim. App. 2003); *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Similarly, whether the request for DNA testing is made to unreasonably delay the execution of sentencing or the administration of justice is an application-of-law-to-fact question that is also given *de novo* review. *Skinner*, 122 S.W.3d at 813.

### III. ANALYSIS

In Campos's motion for DNA testing, he argued as follows:

> At all times identity [was] an issue in this case, by preponderance of the evidence, had the State tested the gun for DNA fingerprints, [Campos] would not have been convicted, if exculpatory results had been obtained through DNA testing.

In summary, Campos contends that if the State tests the pistols that were recovered for his DNA, the testing will reveal that his DNA is not on them.

We find this argument unpersuasive. Under § 64.03(a)(1)(C), identity must be at issue in the case. *See* TEX. CODE CRIM. PROC. ANN. § 64.03(a)(1)(C). Identity was never an issue in this case. During trial, Officer Berry testified that he twice saw items being thrown from the passenger window of the vehicle in which Campos rode. *Campos*, 2018 WL 2148755, at *1. Campos was the only passenger in this car as his brother, Abraham, was the driver. Because there was no question of identity, Campos did not meet this threshold issue under chapter 64 to trigger any DNA testing. *See id.* Reviewing this case under a *de novo* standard, we hold the trial court did not err when it denied Campos's motion for post-conviction DNA testing.

5

## IV. Conclusion

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
5th day of December, 2019.